Christian, J.
delivered the opinion of the court.
This case is before us upon a petition filed by Carter’s adm’r, asking at the hands of this court, a writ of prohibition against the Hon. Jno. A. Kelly, judge of the circuit court of Scott county, “ to restrain and prohibit him from taking cognizance or jurisdiction of, or ■of trying in any manner whatever,” a certain civil action involving the sum of $43, in which the said Carter’s adm’r was plaintiff, and one Harvey Gray was •defendant, commenced by a warrant before a justice of the peace for Scott county, and removed before trial to the county court of said county, on motion of defendant. The case was heard in the county court, at the October term, 1874, and there was a verdict and .judgment for the plaintiff During the trial the defendant tendered several bills of exceptions, which were signed and sealed by the court, and made a part ■of the record.
*788 The defendant presented a copy of this record, with a petition for a supersedeas to the Hon. John A. Kelly,, judge of the circuit court of Scott county, who awarded a supersedeas to the judgment of the county court. The plaintiff in the suit in the county court (the petitioner here), is now seeking from this court a writ of' prohibition, to restrain the said circuit judge from trying the case' in an appellate court, upon the ground that said circuit court cannot exercise its appellate jurisdiction in such a case.
The only question, therefore, we have to determine is, whether, in a case commenced before a justice of' the peace and removed to the county court before trial,, there exists under our laws the right of appeal to the circuit court. This question depends upon the true construction to be given to the statutes contained in the Code of 1873, and the sessions acts of 1874, regulating the jurisdiction of courts in matters of appeal.
The general law on the subject of appeals, writs of error and supersedeas, is contained in the first and second sections of ch. 178, which declare in what cases appeals may be of right, and in what cases petitions may be presented for appeal, &c.
The third section of the same chapter declares the cases in which petitions for appeals, writs of error and supersedeas shall not be presented, as follows:
“§ 3. No petition shall be presented for an appeal from, or writ of error and supersedeas to, any final judgment, decree or order, whether the commonwealth' be a party or not, which shall have been rendered more-than two years before the petition is presented; nor tO' any judgment of a county or corporation court, which is rendered on an appeal from a judgment of a justice; nor to a judgment, decree or order from any other court where the controversy is for a matter less in value or *789 amount than five hundred dollars, exclusive of costs, unless there be drawn in question a freehold or fran•chise, or the title or bounds of land, or some not merely pecuniary.” * * * 3sTow the only exception contained in this section limiting the right of ap-. peal from decrees or judgments of the county court, is that which declares that there shall be no appeal or writ of error to a judgment of a county court, which is rendered on appeal from a judgment of a justice.” To all other judgments of such court the right of appeal to the circuit court is secured by these sections; unless such right of appeal is taken away by the fourth section of the act passed April 2nd, 1874, relating to the jurisdiction of the county courts. That act, after enumerating in detail the subjects of jurisdiction of the county courts, contains the following provision: “And exclusive jurisdiction of causes removed from a justice in pursuance of section one, of chapter 147 of said Code, and of contested election cases for county and township officers, &c., * * * but with the right of appeal, in all such cases, to the circuit court whose decision shall be final.”
The first section of ch. 147, referred to in this section, provides, that in every case where the sum or thing in controversy exceeds the amount or value of twenty dollars, the justice shall upon application of the defendant at any time before trial, remove the cause to the court of the county or corporation wherein the same shall be brought, and the clerk of the said court shall docket the same, and it shall be proceeded in as if it were a motion in said court under the 6th section of ch. 168,” &c.
It is urged by the counsel for the petitioner here, that the words in the second section of the act of April, 1874, “exclusive jurisdiction of causes removed *790 from a justice,” takes away the right of appeal to the circuit court. We cannot give this construction to the statute. That would be to declare that the general law regulating appeals which gives the right of' aPPea^ in a0 cases, from judgments of a county court,, except the single case of a judgment rendered on an appeal from a judgment of a justice, was repealed by the words “exclusive jurisdiction,” in this act. A statute can only be repealed by express words, or where the latter statute is so inconsistent with the former that both cannot stand together; so as to show a clear intention of the legislature to repeal it. While the words exclusive jurisdiction, are, generally, words of the broadest signification, it is manifest that in the connection in which these words are here used, and upon a comparison of the statutes, they mean exclusive original jurisdiction.
When a case is removed, under the statute, from a justice to the county court, it then stands in the same position in the county court, so far as the right of appeal is concerned, as if the case had been originally brought in the county court.
The court is therefore of opinion, that the circuit court of Scott had jurisdiction to award the supersedeasto the judgment of the county court in the case complained of, and to try and dispose of the same, as an appellate, court.
The rule awarded against the Honorable John A. Kelly, judge of said court, must, therefore be discharged.
Prohibition repused.